**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CHEYENNE TATE,                              )
                                            )
               Plaintiff,                   )        3:24-cv-00072-CB
                                            )
        v.                                  )        Chief Judge Cathy Bissoon
                                            )
MCILWAIN SCHOOL BUS LINES, INC,             )
                                            )
               Defendant.                   )

**MEMORANDUM AND ORDER**

**I.  MEMORANDUM**

**A.      Plaintiff's Motion for Partial Summary Judgment**

Plaintiff's Motion (Doc. 20) for partial summary judgment will be denied.  In her Motion, Plaintiff, Cheyenne Tate ("Plaintiff" or Ms. Tate"), seeks summary judgment in her favor as to her retaliation claim because Defendant , McIlwain School Bus Lines, Inc. ("Defendant" or "McIlwain") listed Plaintiff's sexual harassment complaint as a reason for the termination of her employment.  Motion at 1.  In light of the summary judgment standards, this is something the Court cannot do.

As an initial matter, Plaintiff has failed to file a Concise Statement of Material Facts consisting of separately numbered paragraphs with citations to the record as required by Local Rule of Civil Procedure 56.B.1, and the Court may decline to consider her motion based on this procedural defect alone.  *See* Doc. 23 (Def. Responsive Statement of Material Facts, noting Plaintiff's non-compliance).

Even accepting Plaintiff's narrative factual recitations, however, genuine issues of material fact remain, rendering summary judgment inappropriate.  The Court acknowledges that

Plaintiff's supervisor, Gina Herrera, listed the fact that Plaintiff made "unfounded and inappropriate accusations" as a "reason" on an "Exit Information" form Ms. Herrera completed on the day of Plaintiff's discharge, November 9, 2023. *See* Pl. Mot. (Doc. 20) Ex. A. The Court also notes Ms. Herrera's deposition testimony confirming that the phrase "unfounded and inappropriate accusations" referred to Plaintiff's complaint that bus driver Luke Kmett had made sexual advances and lewd comments to her. *See* id. Ex. B (Herrera Dep.) at 101:21-102:11.

Viewing the record evidence in the light most favorable to the non-moving party, however, the exit information notation is not the proverbial smoking gun Plaintiff purports it to be. Rather, Defendant has cited competing record evidence sufficient to put the retaliation question to a jury. Among other things, Defendant cites Ms. Herrera's testimony that she filled out the Exit Information form after she talked to Plaintiff a second time on November 9, 2023, and after the decision to terminate Plaintiff's employment already had been made. *See* Def. Br. Opp. (Doc. 25) (citing Herrera Dep. at 101:23-102:5). Ms. Herrera testified that Defendant made the termination decision earlier in the day, after a prior phone call regarding another of Plaintiff's long line of absences from work. *See* id.. Plaintiff's chronic absence history in the brief time she was employed is equally well-documented in the record. *See, e.g.*, Def. App'x (Doc. 24) Exs. C-E, H-I (Absentee Reports). Moreover, Defendant's President, Timothy McIlwain, testified in his deposition, that he, not Ms. Herrera, was the decisionmaker, and that he made the termination decision around 7:40 a.m., before Plaintiff made her sexual harassment complaint to Ms. Herrera. Mr. McIlwain maintains that he had no knowledge of Plaintiff's Complaint or the underlying harassment when he decided to discharge Plaintiff. *See* Def. App'x Ex. A (McIlwain Dep.) at 27:16-25, 28:7-16

In short, while the Exit Information notation is not a good look for Defendant, the record is replete with conflicting documentary evidence and testimony, much of which turns on

2

credibility.  In light of this contradictory evidence, including Plaintiff's extraordinary absence history, the Court cannot find a want of issues of material fact or that Plaintiff otherwise is entitled to judgment as a matter of law as to her retaliation claim.

Accordingly, Plaintiff's Partial Motion for Summary Judgment (Doc. 20) is denied.

**B.      Defendant's Motion for Summary Judgment**

Defendant has filed a cross-motion for summary judgment (Doc. 39) seeking judgment in its favor as to all three of Plaintiff's claims.  This Motion will be denied in part and granted in part as follows.

**1. Retaliation**

For the same reasons set forth in Part A, above, genuine issues of material fact preclude entry of summary judgment on Plaintiff's retaliation claim.  Accordingly, Defendant's Motion for Summary Judgment is denied to this extent.

**2. Gender Discrimination – Disparate Treatment**

Defendant moves for summary judgment as to Count I of Plaintiff's Complaint which alleges disparate treatment based on her sex.  *See* Doc. 1.  The Court agrees that summary judgment in favor of Defendant is warranted as to this claim.

"A disparate treatment violation is made out when an individual of a protected group is shown to have been singled out and treated less favorably than others similarly situated on the basis of an impermissible criterion under Title VII.'" Qing Qin v. Vertex, Inc., 100 F.4th 458, 472 (3d Cir. 2024) (citing E.E.O.C. v. Metal Serv. Co., 892 F.2d 341, 347 (3d Cir. 1990)). "The 'central focus' of the prima facie case is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin." Sarullo v. United States Postal Serv., 352 F.3d 789, 798 (3d Cir. 2003) (internal citations omitted); *see*

*also* Howard v. Blalock Electric Service, Inc., 742 F. Supp. 2d 681, 701-02 (W.D. Pa. 2010) (same).

Although Plaintiff contends that Defendant terminated her employment because of her gender, she has pointed to zero record evidence supporting that claim.  Instead, the record evidence, including Plaintiff's own deposition testimony, indicates that she believed Defendant discharged her for reporting sexual misconduct.  *See* Def. App'x Ex. F (Tate Dep.) at 94:5-12. Plaintiff likewise has not pointed to record evidence indicating that any male employees reported sexual misconduct and were not discharged.  *See, e.g.*, Howard, 742 F. Supp. 2d at 703 (granting employer's motion for summary judgment as to disparate treatment where plaintiff could not demonstrate he was treated less favorably than other employees on the basis of an impermissible discriminatory criterion).

In her response, Plaintiff makes no attempt to point to any similarly-situated male comparators or other evidence that the discharge occurred under circumstances that could give rise to an inference of intentional discrimination.  Rather, without citing supporting evidence, she argues simply that her employment was terminated "based on her report of sexual harassment, which would not have occurred but for her sex, and the fact that Plaintiff was the only employee discharged in this manner for a sex-based reason."  Pl. Br. Opp. (Doc. 45) at 4-5.  As an initial matter, the relevant question here is not whether the bus driver sexually harassed Plaintiff because she was a woman, but whether Defendant terminated Plaintiff's employment because of her sex.  Additionally, this statement reinforces Defendant's point that Plaintiff's claim, at its root, sounds in retaliation.  *See also, e.g.,* id. at 5 (citing in further support of her sex-based disparate treatment claim the fact that "Plaintiff had never received a warning, notice, or reprimand prior to being terminated after reporting Kmett's sexual harassment").  Moreover, and in any event, although these conclusory statements may have been sufficient if this were a

4

12(b)(6) motion to dismiss, they do not constitute record evidence sufficient to survive a Rule 56 motion for summary judgment.

Because, even after drawing all inferences in favor of Plaintiff, there is no record evidence establishing a genuine issue of material fact as to sex-based disparate treatment, Defendant's Motion for Summary Judgment as to Count I is granted.

### 3. Hostile Work Environment

Finally, Defendant moves for summary judgment as to Count II of Plaintiff's Complaint which alleges hostile work environment. *See* Doc. 1. The Court agrees that summary judgment in favor of Defendant is warranted as to this claim as well.

To establish a prima facie hostile work environment claim under Title VII, Plaintiff must show "(1) [she] suffered intentional discrimination because of their sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected [her]; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability." Burgess v. Dollar Tree Stores, Inc., 642 F. App'x 152, 154-55 (3d Cir. 2016) (quoting Huston v. Procter & Gamble Paper Prods. Corp., 568 F.3d 100, 104 (3d Cir. 2009)); *see also* Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).

Here, Plaintiff alleges she was sexually harassed by a non-decisionmaker coworker, the bus driver on the bus to which she was assigned. Among other things, Plaintiff contends that "[w]ithin days of starting the job, she endured at least two separate incidents of lewd sexual propositions from Mr. Kmett. He graphically suggested sexual acts ('beat it up and eat it up') and even effectively solicited sex for money." Pl. Br. Opp. at 7. Plaintiff also admits, however, that she never reported Mr. Kmett's behavior to her supervisor or anyone in management until the day of her discharge. *See* id. Indeed, she further admits that she intentionally chose not to report Mr. Kmett because she has a code and didn't want to get him in trouble. *See* Tate Dep. at

92:20-93:2.   There is no record evidence that anyone in management otherwise knew, or had reason to know, of Mr. Kmett's behavior, and Mr. McIlwain and Ms. Herrera testified that they had no such knowledge.   Thus, even assuming Plaintiff's testimony, taken as true, establishes the first four prongs of the prima facie case – which is questionable --  she cannot establish the fifth prong, *respondeat superior* liability.  *See, e.g.*, <u>Miller v. Patterson Motors</u>, 2009 WL 789897, at *13 (W.D. Pa. Mar. 24, 2009) (Gibson, J.) (citing <u>Andreoli v. Gates</u>, 482 F.3d 641, 644 (3d Cir. 2007)) ("An employer acts negligently if it 'knew or should have known about the harassment, but failed to take prompt and adequate remedial action.'").

Again, the evidence and argument establishes that Plaintiff's actionable claim here sounds in retaliation.  *See* Pl. Opp. Br. at 7 ("To the contrary, the moment Plaintiff tried to 'oppose' the harassment (a protected activity), she was met with retaliation.").  For this reason, Defendant's motion for summary judgment on the hostile work environment count is granted.

Consistent with the above, the Court hereby enters the following:

## II.  ORDER

Plaintiff's Motion for Partial Summary Judgment (Doc. 20) is **DENIED**.  Defendant's Motion for Summary Judgment (Doc. 36) is **GRANTED**  as to Counts I and II of the Complaint, and those Counts are dismissed.  Defendant's Motion is **DENIED** as to Count III (Retaliation), and that Count shall proceed to trial.  Soon, the Court will enter an order addressing next steps.

IT IS SO ORDERED.


March 31, 2026                                              s/Cathy Bissoon
                                                           Cathy Bissoon
                                                           Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record